JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

JANICE PAYNE

## DEFENDANTS

PERALTA COMMUNITY COLLEGE DISTRICT; DOES 1 through 10, Inclusive,

**(b)** County of Residence of First Listed Plaintiff  Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Paul Rein, Esq.
Law Office of Paul Rein
200 Lakeside Dr., A, Oakland, CA 94612,
510/832-5001

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | or Defendant) | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☒ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans With Disabilities Act of 1990; 42 USC 12101ff

Brief description of cause:
Public facility denying access to physically disabled persons

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION     DEMAND $
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE
6/30/08

SIGNATURE OF ATTORNEY OF RECORD

E-filing

1  PAUL L. REIN, Esq., (SBN 43053)
   JULIE A. OSTIL, Esq., (SBN 215202)
2  ANN WINTERMAN, Esq. (SBN 222257)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA 94612
4  Telephone: 510/832-5001
   Facsimile: 510/823-4787
5
   Attorneys for Plaintiff
6  JANICE PAYNE
7

FILED

JUN 30 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
DISTRICT OF CALIFORNIA
OAKLAND

8                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA

C08-03133

10  JANICE PAYNE,                        CASE NO.
                                         Civil Rights
11         Plaintiff,

                                         **COMPLAINT FOR DAMAGES AND
12                                       INJUNCTIVE RELIEF: DENIAL OF
                                         DISABLED ACCESS TO PUBLIC
13                                       FACILITIES; TITLE II OF THE
                                         AMERICANS WITH DISABILITIES
14  v.                                   ACT; VIOLATION OF REHAB. ACT
                                         OF 1973, SECTION 504; CALIFORNIA
15                                       GOVERNMENT CODE § 11135 ;
                                         VIOLATION OF CALIFORNIA
16                                       GOVERNMENT CODE §§ 4450, ET.
    PERALTA COMMUNITY                    SEQ.; VIOLATION OF CALIFORNIA
17  COLLEGE DISTRICT; DOES               CIVIL CODE §§ 51, 52, 54 AND 54.1;
    1through 10, Inclusive,              AND RELATED CODES AND
18                                       REGULATIONS**
           Defendants.
19  _____/           **DEMAND FOR JURY TRIAL**

20

21         Plaintiff JANICE PAYNE complains of defendants PERALTA

22  COMMUNITY COLLEGE DISTRICT, and DOES 1-10, inclusive, and each of

23  them, and alleges as follows:

24         1.    **INTRODUCTION:** Plaintiff Janice Payne is a physically disabled

25  person, who is mobility impaired from spine and knee injuries, severe carpal

26  tunnel syndrome in both wrists, and plantar fascitis in both feet, and is a

27  "qualified" disabled person under all of California's disabled access statutes and

28  regulations and under the statutes and regulations of the Americans with

GO 44 SEC. N    NOTICE OF ASSIGNMENT    TO MAGISTRATE JUDGE SENT

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -1-        S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1  Disabilities Act of 1990. Plaintiff requires the use of a motorized wheelchair to
2  attend classes and other public facilities at Laney College. Plaintiff, who has
3  been a student at Laney College for several years, brings this action to require that
4  defendants Peralta Community College District, and Does 1-10, make their
5  educational facilities accessible to mobility-impaired persons and provide their
6  "programs, services and activities" in a non-discriminatory manner to persons
7  with mobility disabilities. The buildings and facilities which are the subject of
8  this action are owned, operated and/or leased by defendants for educational
9  purposes, including but not limited to "programs, services or activities" for
10  persons with disabilities such as plaintiff.

11      2.    Plaintiff was denied equal protection of the law and was denied civil
12  rights under federal law. As set forth in detail hereafter, plaintiff was denied her
13  rights to "full and equal" access at various public facilities at Laney College, and
14  to the benefits of "programs services and activities" offered by defendants
15  because they were not "accessible to and useable by" persons with disabilities
16  such as plaintiff who require the use of accessible facilities, despite actual notice
17  of the inaccessible conditions, demonstrating defendants' deliberate indifference
18  and/or intentional discrimination toward plaintiff. Plaintiff seeks injunctive relief
19  to require defendants to make specified facilities accessible to disabled persons
20  and to ensure that the "programs, services and activities" offered by defendants be
21  provided in a non-discriminatory manner to mobility impaired persons, including
22  but not limited to: providing accessible and safe paths of travel to, through and
23  within defendant's facilities; modifying its programs, services and activities to
24  provide properly configured and located accessible parking, classroom seating,
25  accessible library facilities, student services and restrooms; and by providing
26  persons with mobility impairments with the accessibility features required under
27  state law that mandate public accommodations be made "accessible to and useable
28  by" persons with disabilities. Plaintiff also seeks recovery of damages for her

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -2-      S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1 | physical, mental, and emotional personal injuries and discriminatory experiences,
2 | and seeks recovery of reasonable attorney fees, litigation expenses and costs,
3 | according to statute.

4 | 3.    **JURISDICTION:** This Court has jurisdiction of this action
5 | pursuant to 28 USC 1331 for violations of the Americans with Disabilities Act of
6 | 1990 (hereinafter "ADA"), 42 USC 12101, *et seq.* Pursuant to supplemental
7 | jurisdiction, attendant and related causes of action arising from the same facts are
8 | also brought under California law, including but not limited to violations of
9 | California Government Code §4450, *et seq*., and Government Code §11135;
10 | California Civil Code §§ 51, 52, 54, 54.1, and 54.3; and California Code of
11 | Regulations, Title 24-2.

12 | 4. This Court has subject matter jurisdiction of this action pursuant to 28
13 | USC § 1343(3) and for claims arising under § 504 of the Rehabilitation Act of
14 | 1973. Additionally, this Court has jurisdiction over the public accommodations
15 | named in this action pursuant to 28 USC § 1331 for violations of the Americans
16 | with Disabilities Act of 1990, 42 USC §§ 12101, *et seq.*

17 | 5. Under the doctrine of supplemental jurisdiction, this Court has
18 | jurisdiction over plaintiff's claims arising under California state law.

19 | 6.    **VENUE AND INTRADISTRICT:** Venue is proper in this court
20 | pursuant to 28 USC §1391(b), and is founded on the fact that the real property
21 | which is the subject of this action is located in this district and that plaintiff's
22 | causes of action arose in this district.

23 | 7.    **PARTIES AND GOVERNMENT CLAIM:** Plaintiff is and at all
24 | time relevant to this Complaint was a "physically disabled person" and a "person
25 | with disabilities" as these terms are used under California law and under federal
26 | laws, including but not limited to §504 of the Rehabilitation Act and Title II of
27 | the Americans with Disabilities Act of 1990 ("ADA"). (The terms a "physically
28 | disabled person" and a "person with disabilities" will be used interchangeably

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -3-          S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1 throughout this Complaint.)

2  8. Defendant Peralta Community College District and Defendants Does
3 1-5 are public entities subject to Title II of the ADA, the Rehabilitation Act of
4 1973, and to all other legal requirements referred to in this complaint. Defendants
5 Does 6-9 are employees and/or agents of defendant Peralta Community College
6 District. On information and belief, all such Doe Defendants wrongfully
7 discriminated against plaintiff on the basis of her disability as part of a joint
8 venture and common enterprise with the named defendants.

9  9. Plaintiff does not know the identities of Does 1-10 at this time and
10 prays leave to substitute the true names of each such defendant when they have
11 been ascertained. Plaintiff does not know the relative responsibilities of
12 Defendant and Does 1-5 in the ownership and operation of the facilities herein
13 complained of, and alleges a joint venture and common enterprise by Defendant
14 and Does 1-5 in the ownership and operation of each such facility. On
15 information and belief, plaintiff also alleges that each such defendant was and is
16 an owner and operator, lessor and lessee of the public facilities complained about
17 herein.

18  10. **GOVERNMENT CLAIM FILED** - On or about February 8, 2008,
19 plaintiff made a timely public entity claim to the Peralta Community College
20 District, which claim was denied by operation of law 45 days later.

21  11. **FACTUAL BASES FOR COMPLAINT:** Plaintiff Janice Payne is
22 a continuing student of Laney College, where she has taken classes for several
23 years. Plaintiff is a physically disabled person, is mobility impaired from spine
24 and knee injuries, severe carpal tunnel syndrome in both wrists, and plantar
25 fascitis in both feet. The Peralta Community College District has denied plaintiff
26 her rights to full and equal access to the public facility and educational programs,
27 services and activities offered by defendants to the general public as required
28 under federal and state law - including California Government Code §§4450, *et*

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -4-     S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1  *seq.*, Title II of the Americans With Disabilities Act of 1990, Section 504 of the

2  Rehabilitation Act of 1973, California Civil Code §§ 54 and 54.1, and California

3  Code of Regulations, Title 24 - on every occasion when she has made, or

4  attempted to make use of campus facilities, services, programs and activities, and

5  continuing until the present, and, on information and belief, continuing after the

6  filing of this Complaint, by failing to provide "full and equal" access in the

7  following respects:

8       (A) Path of travel from public transit: On every occasion that plaintiff has

9  had reason to be on campus for classes or campus services, up to and including

10  the time of the filing of this Complaint, she uses public transportation including

11  the Bay Area Rapid Transit (BART).  Plaintiff alleges that defendants do not

12  provide accessible paths of travel from public transit to the closest accessible

13  entrances to campus facilities, as required by law.  On information and belief,

14  such deficiencies include that the sidewalk between the BART Station and Laney

15  College contains sudden changes in elevation in excess of ½ inch, the curb ramps

16  slope excessively and lack a level landing, and the curb cuts lack tactile domes.

17       (B) Public Restrooms: On a daily basis at all times relevant herein, up to

18  and including the time of the filing of this Complaint, and continuing, plaintiff

19  Janice Payne has been denied her rights to full and equal access to the public

20  restroom facilities throughout the campus, including those in the Student Center,

21  Administration building, Building E, the Pool Area, and the Women's Locker

22  Room, because such restrooms do not provide compliant disabled access,

23  including but not limited to: improper entry, improper signage, improper

24  mounting of toilet and toilet paper dispensers, insufficient turn-around space,

25  insufficient grab bars, and inaccessible hardware and doors.

26       (C) Paths of Travel on Campus: On a daily basis at all times relevant

27  herein, up to and including the time of the filing of this Complaint, and

28  continuing, plaintiff Janice Payne has been denied her right to full and equal

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -5-    S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1 access to campus classrooms and facilities due to steps, excessive door
2 push-pressure, and ongoing/repeated elevator malfunctions. The buildings that
3 plaintiff alleges do not provide accessible and useable paths of travel include, but
4 are not limited to, the Cafeteria (located in the Student Center); the EOP and
5 Disability office located in Building E; the Financial Office located in the
6 Administration Building; the Women's Locker Room located in the Gymnasium
7 building; the Art Center; and the Theater Building. Ms. Payne has either used or
8 taken classes at these facilities or has been deterred from using or taking classes
9 in the above-identified facilities due to the lack of proper access.

10 (D) Student Center: On a daily basis at all times relevant herein, up to and
11 including the time of the filing of this Complaint, and continuing, plaintiff Janice
12 Payne has been denied her rights to full and equal access to the Cafeteria located
13 in the Student Center because of the inaccessible door and non-working
14 door-opener. In addition, Ms. Payne has been unable to use the women's
15 restroom there because it is not accessible in various ways including excessive
16 push-pressure on the entry door, and improper mounting of sinks, toilet paper
17 dispenser, grab bars, paper towel dispenser, and excessive slope of the floors.

18 (E) Building E: On a daily basis at all times relevant herein, up to and
19 including the time of the filing of this Complaint, and continuing, plaintiff Janice
20 Payne has been denied her rights to full and equal access to Building E. Building
21 E houses the EOP office and the Disability office, both of which Ms. Payne uses
22 regularly. As one example of such denial of access, on or about September 1,
23 2007, Plaintiff attempted to use the restroom near the EOP office after paying for
24 her books. Due to the restroom's inaccessibility, plaintiff suffered a urination
25 accident, causing mental and emotional distress, shock, humiliation,
26 embarrassment, fear and other injury, all to her damages. On or about September
27 5, 2007, she suffered a similar urination accident, causing mental and emotional
28 distress, shock, humiliation, embarrassment, fear and other injury, all to her

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -6-          S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1   damages.

2   (F) <u>Administration Building</u>: On a daily basis at all times relevant herein,
3   up to and including the time of the filing of this Complaint, and continuing,
4   plaintiff Janice Payne has been denied her rights to full and equal access to the
5   Administration Building, a facility that Ms. Payne regularly uses for
6   administration-related needs including financial aid. For example, on or about
7   September 6, 2007, an elevator door closed on plaintiff's foot because the door
8   was not functioning properly, causing her to suffer mental and emotional distress,
9   shock, humiliation, embarrassment, fear, physical and other injury, all to her
10   damages. In addition, on or about September 11, 2007, plaintiff suffered a
11   urination accident at the Administration Building while she was there attempting
12   to add classes to her schedule. She attempted to access the bathrooms in that
13   building, but the bathrooms were on the second floor and she was unable to open
14   the door to the restroom in time, because it was either too heavy or locked,
15   causing her to suffer physical, mental and emotional injury and distress, shock,
16   humiliation, embarrassment, fear and other injury, all to her damages.

17   (G) <u>Gymnasium</u>: On a daily basis at all times relevant herein, up to and
18   including the time of the filing of this Complaint, and continuing, plaintiff Janice
19   Payne has been denied her rights to full and equal access to the Laney College
20   Gymnasium. Ms. Payne wishes to use the pool and the women's locker room on a
21   regular basis, up to four times a week. She has been unable to access the pool
22   using the lift because, on information and belief, the lift has been out of service
23   for at least three years. Also, the path of travel to the women's locker room is
24   excessively sloped. In addition, she is unable to access the showers through the
25   locker room because of a series of steps between the lockers and the showers.
26   She is therefore forced to use a separate entrance to the showers, which is often
27   slippery and dangerous. This alternate entrance to the locker room is also
28   inaccessible due to the excessive push-pressure of the entry door.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -7-        S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1       (H) <u>Art Center</u>: On a daily basis at all times relevant herein, up to and

2  including the time of the filing of this Complaint, and continuing, plaintiff Janice

3  Payne has been denied her rights to full and equal access to the Art Center. This

4  newly built facility lacks accessible paths of travel because the excessive door

5  pressure makes it difficult or impossible for Ms. Payne to open the door to the

6  front of the building. For this reason, Ms. Payne was deterred from enrolling in

7  classes there.

8       (I) <u>Theater Building</u>: On a daily basis at all times relevant herein, up to and

9  including the time of the filing of this Complaint, and continuing, plaintiff Janice

10  Payne has been denied her rights to full and equal access to the Theater Building.

11  Ms. Payne enrolled in music and piano classes which were both held in the

12  Theater Building. However, Ms. Payne was unable to enter the building because

13  of the existence of several steps at the front entrance, and due to the existence of a

14  non-functioning lift that purportedly provides access to the theater but has

15  apparently been maintained in an inoperable condition for the last several years.

16  Plaintiff arranged with the teacher of her classes to provide access for her to the

17  theater through the back door. However, on several occasions when Ms. Payne

18  arrived for class, the back door to the building was locked, and Ms. Payne had no

19  way of contacting the teacher or other students inside because they could not hear

20  her knocking and shouting at the back entrance. The necessity to knock and

21  shout, thus making a spectacle of herself, caused plaintiff to suffer mental and

22  emotional distress, shock, humiliation, and embarrassment, all to her damages.

23       Once during her voice class in late August of 2007, Ms. Payne attempted to

24  use the nearest accessible bathroom, which was near the cafeteria, but the

25  automatic door opener to the cafeteria was not working properly and as a result

26  plaintiff suffered another urination accident because she was unable to open the

27  door to the restroom in time, causing her to suffer physical personal injury, mental

28  and emotional distress, shock, humiliation, embarrassment, fear and other injury,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -8-       S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1 | all to her damages.

2 |      Because of her inability to access the classes in the Theater Building, Ms.
3 | Payne was only able to attend her classes there a few times. In addition, the path
4 | of travel from BART requires plaintiff to travel far out of her way, rather than
5 | being able to enter the Theater Building from Ninth and Fallon Streets, the most
6 | direct route from BART, which is in violation of applicable laws.

7 |      (J) Based on investigation by plaintiff's representatives, including an access
8 | expert, many other Laney College facilities are also inaccessible to Ms. Payne and
9 | other disabled persons in multiple respects. These facilities include, but are not
10 | limited to: restrooms, classrooms, drinking fountains, doorways, elevators, and
11 | paths of travel throughout campus. All such facilities must be brought into
12 | compliance with state and federal law.

13 |     12.  In addition to the lack of access described above, plaintiff is
14 | informed and believes that other aspects of the campus do not comply with the
15 | Americans With Disabilities Act of 1990 ("ADA") and related Americans With
16 | Disabilities Act Administrative Guidelines (ADAAG) Regulations and/or
17 | California Statute and Title 24 Regulations, including but not limited to services
18 | provided to able-bodied students in classrooms not specifically cited by plaintiff,
19 | but which may impact plaintiff and other similarly situated students in taking
20 | future classes.

21 |     13.  As a result of the actions and failures to act of defendants, as a result
22 | of the failure to provide disabled access, and as a result of defendants' intentional
23 | discrimination and deliberate indifference, plaintiff suffered denial of her civil
24 | rights, physical injury, psychological and emotional discomfort, pain and
25 | suffering, and denial of her rights to full and equal access to public facilities, all
26 | to her general, special and statutory damages.

27 | //

28 | //

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -9-    S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1
2

**FIRST CAUSE OF ACTION:**
**DISCRIMINATION IN VIOLATION OF TITLE II**
**OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

3    14.    Plaintiff repleads and incorporates by reference, as if fully set forth
4  again herein, the factual allegations contained in Paragraphs 1 through 13, above,
5  and incorporates them herein by reference as if separately repled hereafter.

6    15.    At all times herein mentioned, plaintiff was entitled to the
7  protections of the "Public Services" provisions of Title II of the ADA, Subpart A,
8  which prohibits discrimination by any public entity as defined by 42 USC
9  §12131.  Pursuant to 42 USC 12132, §202 of Title II, no qualified individual with
10  a disability shall, by reason of such disability, be excluded from participation in
11  or be denied the benefits of the "services, programs or activities" of a public
12  entity, or be subjected to discrimination by such entity.  Plaintiff was at all times
13  relevant herein a qualified individual with a disability for all purposes under the
14  ADA.

15    16.    In violation of Title II of the ADA, defendants have failed to ensure
16  that individuals with physical disabilities such as plaintiff are not excluded from
17  "services, programs and activities" at the subject facilities and property.  By
18  reason of defendants' failure to remove architectural barriers to access at the
19  subject facilities so as to render them "accessible to and useable by" mobility
20  impaired persons, despite actual notice of the inaccessible conditions, as more
21  specifically set forth hereinabove, defendants have intentionally discriminated
22  against plaintiff in violation of Title II of the ADA and the regulations adopted to
23  implement the ADA.

24    17.    As a result of such intentional discrimination, in violation of §202 of
25  the ADA, plaintiff is entitled to the remedies, procedures and rights set forth in
26  §505 of the Rehabilitation Act of 1973 (29 USC 794a), as provided by §203 of
27  the ADA.

28    18.    On information and belief, to the date of filing of this Complaint,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -10-    S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1  defendants have failed to make the facilities and property as described herein

2  accessible to and usable by physically disabled persons, as required by law.

3      19.    Plaintiff requests that an injunction be ordered requiring that

4  defendants make all such facilities and property herein described accessible to

5  and usable by mobility impaired disabled persons.

6      20.    Plaintiff requests an award of appropriate damages, and of litigation

7  expenses, costs, and reasonable attorney fees as provided by law.

8          WHEREFORE, plaintiff prays that this Court grant relief as

9  requested herein below.

10

11                        **SECOND CAUSE OF ACTION:**
       **VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973**

12

13      21.    Plaintiff repleads and incorporates by reference, as if fully set forth

14  again herein, the factual allegations contained in Paragraphs 1 through 20, above,

15  and incorporates them herein by reference as if separately repled hereafter.

16      22.    Defendant Peralta Community College District and Does 1-5 are

17  each a government agency existing under the laws of the State of California with

18  responsibility for, inter alia, operating the property and the facilities described

19  hereinabove.  Plaintiff is informed and believes and thereon alleges that defendant

20  Peralta Community College District and Does 1-5, and each of them, has been a

21  recipient of federal financial assistance and that part of that financial assistance

22  was and is used to fund the construction, alteration, and operations of the subject

23  buildings and other functions and activities which take place within such

24  buildings.

25      23.    By reason of their actions or inactions in failing to make their

26  programs, services, and activities readily accessible to disabled persons, despite

27  actual notice, defendants have acted with deliberate indifference and have

28  intentionally discriminated against plaintiff, thereby violating plaintiff's rights

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -11-      S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1 under §504 of the Rehabilitation Act of 1973, 29 USC §794, and the regulations
2 promulgated thereunder.

3     24.    Plaintiff has a need to, and wishes to return to each of the facilities
4 complained of herein and will do so when they are made accessible. Plaintiff has
5 no adequate remedy at law, and unless the relief requested herein is granted,
6 plaintiff and other similarly disabled persons who have cause to visit the
7 buildings will suffer irreparable injury by the deprivation of accessible facilities
8 and other public facilities in these buildings.

9     25.    Plaintiff requests that an injunction be ordered requiring that
10 defendant make all such facilities herein described accessible to and usable by
11 disabled persons and modify its policies and practices to ensure that plaintiff and
12 other mobility disabled persons are not denied the use of defendants' facilities or
13 denied the benefit of its "programs, services and activities" because of disability.

14     26.    Plaintiff requests appropriate damages, litigation expenses and costs,
15 and reasonable attorney fees as provided by law.

16     WHEREFORE, plaintiff prays that this Court grant relief as
17 requested herein below.

18

19

20
21
22
### THIRD CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

23     27.    Plaintiff repleads and incorporates by reference, as if fully set forth
24 again herein, the factual allegations contained in Paragraphs 1 through 26, above,
25 and incorporates them herein by reference as if separately repled hereafter.

26     28.    At all times relevant to this complaint, California Civil Code section
27 51 has provided that physically disabled persons are free and equal citizens of the
28 state, regardless of medical condition or disability:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1  All persons within the jurisdiction of this state are free and equal,
   and no matter what their sex, race, color, religion, ancestry, national
2  origin, disability, or medical condition are entitled to the full and
   equal accommodations, advantages, facilities, privileges, or services
3  in all business establishments of every kind whatsoever.
   Cal. Civ. C. § 51(b).

4

5  California Civil Code § 52 provides that the discrimination by defendant against

6  plaintiff on the basis of her disability constitutes a violation of the general anti-

7  discrimination provision of §§ 51 and 52.

8      29.    Defendant's discrimination constitutes a separate and distinct

9  violation of California Civil Code § 52, which provides that:

10  Whoever denies, aids or incites a denial, or makes any discrimination or
    distinction contrary to section 51, 51.5, or 51.6 is liable for each and every
11  offense for the actual damages, and any amount that may be deterined by a
    jury, or a court sitting without a jury, up to a maximum of three times the
12  amount of actual damage but in no case less than four thousand dollars
    ($4,000), and any attorney's fees that may be determined by the court in
13  addition thereto, suffered by any person denied the rights provided in
    Section 51, 51.5, or 51.6.

14

15      30.    The actions and omissions of defendant as herein alleged constitute a

16  denial of access to and use of the described public facilities by physically disabled

17  persons within the meaning of California Civil Code §§ 51 and 52. As a

18  proximate result of defendant's action and omissions, defendant has discriminated

19  against plaintiff in violation of Civil Code §§ 51 and 52.

20      31.    Any violation of the Americans With Disabilities Act of 1990 (as

21  pled in the First Cause of Action) also constitutes a violation of California Civil

22  Code§ 51(f), thus independently justifying an award of damages and injunctive

23  relief pursuant to California law. Per § 51(f), "A violation of the right of any

24  individual under the Americans With Disabilities Act of 1990 (Public Law 101-

25  336) shall also constitute a violation of this section."

26      32.    Plaintiff has no adequate remedy at law and, unless the relief

27  requested herein is granted, plaintiff and other disabled persons will continue to

28  suffer irreparable harm as a result of defendant's failure to fulfill its obligations to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -13-    S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1   provide meaningful access to the subject public facilities.

2       33.    Wherefore plaintiff asks this Court to preliminarily and permanently
3   enjoin any continuing refusal by defendant to grant full and equal access to
4   plaintiff in the respects complained of and to require defendant to comply
5   forthwith with the applicable statutory requirements relating to access for disabled
6   persons. Such injunctive relief is provided for a violation of California
7   Government Code §§ 4450, *et seq.*, for causing a denial of rights by disabled
8   persons, by California Civil Code §§ 51, *et seq.*, including § 52(c). Civil Code
9   §52 provides that whoever discriminates contrary to §§ 51, 51.5, or 51.6 is liable
10  for "each and every offense" for the actual damages and any amount as may be
11  determined by a court or jury up to a maximum of three times the amount of
12  actual damage, but in no case less than $4,000 and such attorney fees that may be
13  determined by the Court in addition thereto. Plaintiff alleges that defendant failed
14  to provide legally required access at Laney College and its related facilities and
15  further requests that the Court award damages pursuant to Civil Code § 52 and
16  attorney fees, litigation expenses and costs pursuant to Government Code §§4450,
17  *et seq.*, Civil Code § 52(a), Code of Civil Procedure §1021.5 and other law, all as
18  hereinafter prayed for.

19      34.    **DAMAGES:** As a result of the denial of equal access to these
20  facilities and due to the acts and omissions of defendant in owning, operating,
21  leasing, constructing, altering and maintaining the subject facilities, plaintiff
22  suffered multiple violations of her civil rights, including but not limited to rights
23  under Civil Code §§ 51 and 52, all to her damages per Civil Code § 52(a), as
24  hereinafter stated. Defendant's actions and omissions to act constitute
25  discrimination against plaintiff on the sole basis that she was and is physically
26  disabled and unable, because of the architectural barriers created and/or
27  maintained by defendant in violation of the subject laws, to use these public
28  facilities on a full and equal basis as other persons.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -14-          S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1  35.  **FEES AND COSTS:**  As a result of defendant's acts, omissions and

2  conduct, plaintiff has been required to incur attorney fees, litigation expenses and

3  costs as provided by statute in order to enforce plaintiff's rights and to enforce

4  provisions of the law protecting access for disabled persons and prohibiting

5  discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

6  reasonable attorney fees, litigation expenses and costs pursuant to the provisions

7  of California Civil Code §§ 54.3 and 55 and California Government Code

8  §§4450, *et seq*.  Additionally, plaintiff's lawsuit is intended to require that

9  defendant make its facilities and policies accessible to all disabled members of the

10  public, justifying "public interest" attorney fees, litigation expenses and costs

11  pursuant to the provisions of California Code of Civil Procedure § 1021.5 and

12  other applicable law.

13          WHEREFORE, plaintiff prays the Court grant relief as requested,

14  herein below.

15

16                      **FOURTH CAUSE OF ACTION:**
   **VIOLATION OF CALIFORNIA LAW INCLUDING: SECTIONS 54 and**
17  **54.1,GOVERNMENT CODE §§4450, ET SEQ., AND THE AMERICANS**
   **WITH DISABILITIES ACT AS INCORPORATED BY CALIFORNIA**
18          **CIVIL CODE SECTIONS 54(c) AND 54.1(d)**

19  36.  Plaintiff repleads and incorporates by reference, as if fully set forth

20  hereafter, the factual allegations contained in Paragraphs 1 through 35 of this

21  Complaint and incorporates them herein.

22  37.  At all times relevant to this Complaint, California Civil Code § 54(a)

23  has provided that:

24          (a) Individuals with disabilities or medical conditions have the same
            right as the general public to the full and free use of the streets,
25          highways, sidewalks, walkways, public buildings..., public facilities
            and other public places.
26

27  38.  At all times relevant to this Complaint, California Civil Code § 54.1

28  has provided that physically disabled persons are not to be discriminated against

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -15-          S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1  because of physical handicap or disability in the use of a public accommodation:

2  . . . [P]hysically disabled persons shall be entitled to full and equal
   access, as other members of the general public, to accommodations,
3  advantages, facilities and privileges of all common carriers,
   airplanes, motor vehicles.. . . or any other public conveyances or
4  modes of transportation, telephone facilities, hotels, lodging places,
   places of public accommodation, and amusement or resort, and other
5  places to which the general public is invited, subject only to the
   conditions or limitations established by law, or state or other federal
6  regulations, and applicable alike to all other persons.

7  The discrimination by defendants against plaintiff on the basis of her disability

8  constitutes a violation of the general anti-discrimination provision of Civil Code

9  §§ 54 and 54.1.

10      39.    Plaintiff is informed and believes and therefore alleges that the

11  specified public facilities are structures or related facilities within the meaning of

12  California Government Code §§ 4450 and 4451. Plaintiff is further informed and

13  believes and therefore alleges that the defendant has constructed, altered, or

14  repaired parts of the subject public property, structure and facilities since 1968

15  within the meaning of Government Code §§ 4450, *et seq.*, including § 4456,

16  thereby requiring provision of access to persons with disabilities, as required by

17  law. The actions and omissions of defendant as herein alleged constitute a denial

18  of access to and use of the described public facilities by physically disabled

19  persons within the meaning of Government Code §§ 4450, *et seq.* As a proximate

20  result of defendant's action and omissions, defendant has discriminated against

21  plaintiff in violation of Government Code §§ 4450, *et seq.*, and of Title 24-2

22  regulations adopted to implement § 4450. A violation of §§4450, *et seq.*

23  constitutes a violation of Civil Code §§ 54 and 54.1.

24      40.    Any violation of the Americans With Disabilities Act of 1990 (as

25  pled in the First Cause of Action) also constitutes a violation of §§ 54 (c) and

26  54.1(d) of the California Civil Code, thus independently justifying an award of

27  damages and injunctive relief pursuant to California law. Plaintiff alleges that she

28  has been denied such full and equal access as required by California law which

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -16-    S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1  incorporates Title II of the ADA, including but not limited to § 204.

2      41.    Plaintiff has no adequate remedy at law and, unless the relief
3  requested herein is granted, plaintiff and other disabled persons will continue to
4  suffer irreparable harm as a result of defendant's failure to fulfill its obligations to
5  provide meaningful access to the subject public facilities.

6      42.    Wherefore plaintiff asks this Court to preliminarily and permanently
7  enjoin any continuing refusal by defendant to grant full and equal access to
8  plaintiff in the respects complained of and to require defendant to comply
9  forthwith with the applicable statutory requirements relating to access for disabled
10  persons. Such injunctive relief is provided for a violation of California
11  Government Code §§ 4450, *et seq.*, for causing a denial of rights by disabled
12  persons, by California Civil Code § 54, *et seq.* Civil Code § 54.3 provides that
13  any person or corporation who denies or interferes with admittance to or
14  enjoyment of the public facilities as specified in §§ 54 and 54.1 or otherwise
15  interferes with the rights of an individual with a disability is liable for each
16  offense for the actual damage and any amount as may be determined by a court or
17  jury up to a maximum of three times the amount of actual damage but in no case
18  less than $1,000 and such attorney fees that may be determined by the Court in
19  addition thereto. Plaintiff alleges that defendant failed to provide legally required
20  access at Laney College and its related facilities and further requests that the
21  Court award damages pursuant to Civil Code § 54.3 and attorney fees, litigation
22  expenses and costs pursuant to Government Code §§ 4450, *et seq.*, Civil Code
23  §§54.3 and 55, California Code of Civil Procedure § 1021.5 and other law, all as
24  hereinafter prayed for.

25      43.    **DAMAGES:** As a result of the denial of equal access to these
26  facilities and due to the acts and omissions of defendant in owning, operating,
27  leasing, constructing, altering and maintaining the subject facilities, plaintiff
28  suffered multiple violations of her civil rights, including but not limited to rights

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -17-          S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1  under Civil Code §§ 54 and 54.1, all to her damages per Civil Code §54.3, as
2  hereinafter stated. Defendant's actions and omissions to act constitute
3  discrimination against plaintiff on the sole basis that she was and is physically
4  disabled and unable, because of the architectural barriers created and/or
5  maintained by defendant in violation of the subject laws, and/or due to
6  defendant's multiple policy violations of Civil Code §§ 54 and 54.1, to use these
7  public facilities on a full and equal basis as other persons.

8      44.    **FEES AND COSTS:** As a result of defendant's acts, omissions and
9  conduct, plaintiff has been required to incur attorney fees, litigation expenses and
10  costs as provided by statute in order to enforce plaintiff's rights and to enforce
11  provisions of the law protecting access for disabled persons and prohibiting
12  discrimination against disabled persons. Plaintiff therefore seeks recovery of all
13  reasonable attorney fees, litigation expenses and costs pursuant to the provisions
14  of California Civil Code §§ 54.3 and 55 and California Government Code
15  §§4450, *et seq*. Additionally, plaintiff's lawsuit is intended to require that
16  defendant make its facilities and policies accessible to all disabled members of the
17  public, justifying "public interest" attorney fees, litigation expenses and costs
18  pursuant to the provisions of California Code of Civil Procedure § 1021.5 and
19  other applicable law.

20      WHEREFORE, plaintiff prays the Court grant relief as requested,
21  herein below.

22

23                      **FIFTH CAUSE OF ACTION:**
   **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 11135,**
24      **DISCRIMINATION UNDER PROGRAM RECEIVING**
         **FINANCIAL ASSISTANCE FROM THE STATE**
25

26      45.    Plaintiff repleads and incorporates by reference, as if fully set forth
27  hereafter, the factual allegations contained in Paragraphs 1 through 44 of this
28  Complaint and incorporates them herein.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -18-        S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1   46.   On information and belief, the administration, supervision and

2   maintenance by defendant of the property, structure and facilities that are the

3   subject of the action are funded in part by the State of California.

4   47.   Defendant has failed to make its programs, services and activities

5   readily accessible to and useable by disabled persons in violation of California

6   Government Code §§ 11135, *et seq.* Government Code § 11135 states:

7   § 11135. Programs or activities funded by state; discrimination on
8   basis of ethnic group identification, religion, age, sex, color, or
    disability; federal act; definition.

9   No person in the State of California shall, on the basis of ethnic
    group identification, religion, age, sex, color, or disability, be
10  unlawfully denied the benefits of, or be unlawfully subjected to
    discrimination under, any program or activity that is funded directly
11  by the state or receives any financial assistance from the state. With
    respect to discrimination on the basis of disability, programs and
12  activities subject to subdivision (a) shall meet the protections and
    prohibitions contained in Section 202 of the Americans With
13  Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules
    and regulations adopted in implementation thereof, except that if the
14  laws of this state prescribe stronger protections and prohibitions, the
    programs and activities subject to subdivision (a) shall be subject to
15  the stronger protections and prohibitions.

16  48.   Plaintiff has no adequate remedy at law and, unless the requested

17  relief is granted, plaintiff and other disabled persons will suffer irreparable harm

18  in that they will continue to be discriminated against and denied access to and

19  accommodation within the subject facilities, and denied the benefits of the

20  "programs, services and activities" offered to the general public. Further, plaintiff

21  suffered damages, as specified, as the result of denial of her civil rights when she

22  tried to use these facilities, according to proof. Because plaintiff seeks

23  improvement of access for similarly situated physically disabled persons, which

24  will benefit a significant portion of the public, plaintiff seeks attorney fees and

25  costs pursuant to California Code of Civil Procedure § 1021.5, as to this cause of

26  action and as to all causes of action in this complaint that seek injunctive relief.

27  WHEREFORE, plaintiff prays the Court grant relief as requested

28  herein below.

1

**PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff prays that this Court:

3    1.    Issue a preliminary and permanent injunction directing that
4  defendants, as current owners and operators of the subject premises, to modify the
5  above described facilities at the property and other non-conforming facilities and
6  related described facilities so that plaintiff and similarly situated persons with
7  disabilities may obtain the benefits of, and access to, defendant's "programs,
8  services and activities" in a "full and equal" manner as required by law;

9    2.    Retain jurisdiction over defendants until such time as the Court is
10  satisfied that defendants' unlawful policies, practices, acts and omissions, and
11  maintenance of inaccessible public facilities as complained of herein no longer
12  occur, and will not recur;

13    3.    Award to plaintiff all appropriate damages, including but not limited
14  to statutory damages, special damages, and general damages in an amount within
15  the jurisdiction of the Court, according to proof;

16    4.    Award to plaintiff all litigation expenses and costs of this
17  proceeding, and all reasonable attorney fees as provided by law;

18    5.    Award prejudgment interest pursuant to Civil Code § 3291; and

19    6.    Grant such other and further relief as this Court may deem just and
20  proper.

21

22  Dated: June 30, 2008                    LAW OFFICES OF PAUL L. REIN

23

24

25                                            by PAUL L. REIN
                                              Attorneys for Plaintiff
26                                            JANICE PAYNE

27  //

28  //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -20-    S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd

1          **DEMAND FOR JURY**

2                  Plaintiff hereby demands a jury for all claims for which a jury is

3      permitted.

4

5      Dated:  June 30, 2008                          LAW OFFICES OF PAUL L. REIN

6

7                                                     by PAUL L. REIN
                                                      Attorneys for Plaintiff
8                                                     JANICE PAYNE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -21-          S:\SLR\LANEY COLLEGE\PLEADINGS\LANEY COLLEGE.CMP.wpd