LOUIS A. LEONE, ESQ. (SBN: #099874)
CLAUDIA LEED, ESQ. (SBN: # 122676)
**STUBBS & LEONE**
A Professional Corporation
2175 North California Blvd., Suite 900
Walnut Creek, California  94596
Telephone:     (925) 974-8600
Facsimile:      (925) 974-8601
leonel@stubbsleone.com
leedc@stubbsleone.com

Attorneys for Defendant
PERALTA COMMUNITY COLLEGE DISTRICT

**ORIGINAL
FILED**

AUG 3 1 2010

**RICHARD W. WIEKING**
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

PAUL L. REIN, ESQ. (SBN #43053)
CELIA McGUINNESS, ESQ. (SBN #159420)
**LAW OFFICES OF PAUL L. REIN**
200 Lakeside Drive, Suite A
Oakland, California 94612
(510) 832-5001
cmcguinness@reinlawoffice.com

JULIE A. OSTIL, Esq. (SBN # 215202)
**LAW OFFICES OF JULIE A. OSTIL**
2010 Crow Canyon Place, Suite 100
San Ramon, California 94583
(925) 265-8257
jostil@ostillaw.com

Attorneys for plaintiff
JANICE PAYNE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE PAYNE,<br><br>            Plaintiff,<br><br>    vs.<br><br>PERALTA COMMUNITY COLLLEGE DISTRICT; DOES 1 through 10, inclusive,<br><br>            Defendants. | **Case No.:   C08-03133 RS (JL)**<br><br>**SETTLEMENT AGREEMENT AND ORDER** |

PLAINTIFF JANICE PAYNE filed this action to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendant, PERALTA COMMUNITY COLLEGE DISTRICT("Defendant" or "District"). Plaintiff claims that the District violated Title II of the ADA, Section 504 of the Rehabilitation Act, sections 51, 52, 54 and 54.1 and of the California Civil Code, and sections 4450 and 11135 of California Government Code by allegedly failing to provide full and equal access to the Peralta Community College District facility known as Laney College located in Oakland, California, and related facilities, including accessible parking, accessible paths of travel, accessible entrances onto the Laney College Campus, accessible restroom and classroom facilities, appropriate signage serving the Laney College campus during the time that Plaintiff attended Laney College.

The District answered Plaintiff's Complaint, denying all of Plaintiff's allegations. By entering into this Settlement Agreement and Order the District does not admit liability for the matters alleged in Plaintiff's Complaint filed in this action. The parties hereby enter into this Settlement Agreement and Order for the purpose of resolving the injunctive relief and damage claims in this lawsuit without the need for protracted litigation, and without the admission of any liability.

## I. JURISDICTION:

1.      The parties agree that the Court has jurisdiction over this matter pursuant to 28 USC §1331 for the alleged violations of Title II of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. and § 504 of the Rehabilitation Act of 1973 and pursuant to 28 USC §1367 supplemental jurisdiction for the alleged violations of California Code of Regulations, Title 24-2; and California Civil Code §§51, 52, 54; 54.1; and 54.3.

2.      In order to avoid the costs, expense, and uncertainty of protracted litigation over the issue of Plaintiff's claims for injunctive relief. Plaintiff and the District hereby agree to enter into this Settlement and Order to resolve all allegations raised in the Complaint concerning



SETTLEMENT AGREEMENT AND ORDER          2               C08-03133 RS (JL)

claims for injunctive relief.  Plaintiff's claims for damages, and attorneys' fees, litigation

expenses and costs will be subject to separate negotiations.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this

Settlement Agreement and Order, which provides as follows:

## II. INJUNCTIVE RELIEF:

### 1. Scope of Corrective Work:

The District agrees that it will perform the modifications set forth in the construction

plans attached hereto as Exhibit A (Barrier Removal Implementation Plan) and the list of other

corrections and policies as set forth in Exhibit B.  In addition, the District has undertaken

numerous other construction projects that impact disabled access in and around the Laney

College Campus listed in Exhibit C.  The District maintains that the projects listed in Exhibit C

were planned as part of the overall Master Plan to improve the Laney College campus and as

such were not planned in response to or as a result of the Payne litigation and further disputes

that the projects listed in Exhibit C trigger plaintiff's counsel right to claim attorneys fees and

litigation costs. The plaintiff disputes this position. However, in order to resolve plaintiff's

claims for injunctive relief, the District has agreed to incorporate the projects listed in Exhibit C

into this agreement.  These projects are listed in Exhibit C along with the substantial completion

dates or in those cases where the projects are not completed, the anticipated substantial

completion dates.

### 2. Timing of Corrective Work:

The completion of the modifications set forth in the construction plans attached hereto as

Exhibit A will be completed as follows:

- The Barrier Removal Implementation Plan:  The District anticipates March 25

    2011 as the Substantial Completion date of the Barrier Removal Implementation

    Plan. Defense counsel for the District will provide plaintiff's counsel with notice

    of Substantial Completion. Following Substantial Completion of the Barrier

    Removal Implementation Plan, the District anticipates a period of time necessary

to address "punch lists" and change orders.  Defendant's counsel for the District will notify plaintiff's counsel of the scope and timing of the completion of this phase of the project.  Defendant's counsel will provide plaintiff's counsel with a copy of the Notice of Completion filed with the Division of State Architects and the County of Alameda.

- Renovation of the Laney Interior Roadway Infrastructure:  The District anticipates substantial completion of the Laney College Interior Roadway Infrastructure within four years of the execution of this agreement.

In the event that Defendant is unable to complete the corrective work as set forth in Exhibits A, B, C and D pursuant to the dates indicated herein, notwithstanding a good faith effort to complete the work, Defendant's counsel will notify Plaintiffs' counsel in writing within 14 business days of any delay and the cause for the delay.  Plaintiff will not unreasonably withhold consent for a reasonable extension of time to complete the modifications and barrier removal, but maintains the right to seek a motion to enforce this Order, including the right to seek statutory attorney fees, litigation expenses and costs in the event the modifications and corrective work are not completed pursuant to the Schedule. (Resolution of disputes regarding the scope and timing of corrective work are detailed below in Section IV.)

In return for the consideration provided for in this Agreement, the adequacy of which is hereby acknowledged, on the Effective Date of the Agreement, JANICE PAYNE, will execute a release from all injunctive relief claims arising out of PAYNE v PERALTA COMMUNITY COLLEGE DISTRICT U.S.D.C. Case No. C08-03133 RS (JL).

## IV.  DISPUTE RESOLUTION

1.  The parties will negotiate in good faith to resolve any dispute relating to the interpretation or implementation of this Agreement.

2.  In the event plaintiff believes that defendant is not in compliance with the terms of this Agreement, plaintiff will notify defendant in writing of the alleged noncompliance.

3. Defendant will have thirty (30) days, following receipt of the notification to respond to plaintiff in writing concerning the alleged violations or noncompliance.

4. Following plaintiff's receipt of defendant's response, if any, to any alleged violations or noncompliance, the Parties will negotiate in good faith for at least fifteen (15) days to resolve their differences.

5. Plaintiff agrees not to file any motion to enforce this Agreement until this dispute resolution process has been completed and then only if the alleged violations or noncompliance have not been corrected as a result of the dispute resolution effort by the Parties. Any motion to enforce this Agreement will be brought in the court in which this action is currently pending.

## V.  CONTINUING JURISDICTION

### 1.   Continuing Jurisdiction

The parties shall agree to the jurisdiction of the Magistrate Judge to enforce this agreement.

The Court shall maintain jurisdiction over the lawsuit, including jurisdiction to enforce the terms of this Agreement and to otherwise oversee compliance with the terms of this Agreement and for such additional time as may be necessary to resolve any disputes still pending at the end of the Settlement.  The Court's jurisdiction over the Injunctive Relief terminates upon completion of the corrective work described in Exhibits A, B, C and D.

## IV.   MISCELLANEOUS

### 1.    Entire Agreement

This Agreement expresses and constitutes the complete and final understanding of the Parties with respect to the subject matter of this Agreement. The parties hereto understand and agree that the terms of this Agreement supersede any prior discussions, understandings, or agreements, whether orally or in writing, between them related to the subject matter hereof.

### 2.    Counterparts

This Agreement may be executed in counterparts, each of which shall be considered an original, but all of which, taken together, shall constitute one and the same instrument.

### 3.    Interpretation

SETTLEMENT AGREEMENT AND ORDER               5                    C08-03133 RS (JL)

The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties. The headings in this Agreement are solely for convenience and shall not be considered in its interpretation. Where required by context, the plural includes the singular and the singular includes the plural, and the terms "and" and "or" shall mean "and/or." This Agreement is the product of negotiation and joint drafting so that any ambiguity shall not be construed against any party.

**4.    Severability**

In the event any portion of this Agreement is deemed to be unenforceable, or is in conflict with applicable law, the remainder of this Agreement will be enforced and will remain in full force and effect.

**5.    Additional Documents**

To the extent any documents are required to be executed by any of the Parties to effectuate this Agreement, each party hereto agrees to execute and deliver such and further documents as may be required to carry out the terms of this Agreement.

**6.    Authority to Bind**

Each signatory to this Agreement certifies that it, he or she is fully authorized by the party it, he or she represents to enter into the Agreement, to execute it on behalf of the party represented, and to legally bind that party thereto.

**7.    Facsimile Signatures**

The parties agree that signatures transmitted via facsimile shall be deemed  original signatures.

Dated: 08/31, 2010

Plaintiff
JANICE PAYNE

SETTLEMENT AGREEMENT AND ORDER          6                    C08-03133 RS (JL)

Dated: 8-31- , 2010

DR. SADIQ B. IKHARO
Peralta Community College District Vice Chancellor in
charge of General Services on behalf of DEFENDANT
PERALTA COMMUNITY COLLEGE DISTRICT

**APPROVED AS TO FORM:**

**For Defendant:**

STUBBS & LEONE

Dated: August 31, 2010

Attorneys for Defendant
CLAUDIA LEED

**For Plaintiff:**

Dated: 8/31/, 2010

PAUL L. REIN
LAW OFFICES OF PAUL L. REIN

JULIE A. OSTIL
LAW OFFICES OF JULIE A. OSTIL

Attorneys for Plaintiff
JANICE PAYNE

**ORDER**

Pursuant to the Agreement of the Parties, and for good cause shown, IT IS SO
ORDERED.

Dated: 5-31-10, 2010

Honorable JAMES LARSON
United States District Magistrate Judge

SETTLEMENT AGREEMENT AND ORDER          7                    C08-03133 RS (JL)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

A disc containing the Barrier Removal Implementation are attached hereto as Exhibit A



SETTLEMENT AGREEMENT AND ORDER          9                    C08-03133 RS (JL)

EXHIBIT B

The District agrees to do the following with respect to maintenance and other corrective measures:

1.       Check and adjust as necessary door pressure on all exterior doors and interior doors with mechanical door closers on an annual basis to insure that the door pressures complies with applicable ADAAG and Title 24 regulations;

2.       Direct custodial and maintenance staff and faculty to rearrange classroom furniture to insure that there is a 36 inch clear space to allow persons using wheelchairs the required path of travel within classrooms and maintain clear space in all accessible elements;

3.       Acquire $10,000 in accessible classroom furniture and place said furniture in Laney College classrooms in an as needed basis within one year of the execution of this agreement.

4.       Fabricate and install handrails for Art Building walkway pending DSA approval within one year of the execution of this agreement;

5.       Install a sign indicating "Watch for Pedestrians" in the Southwest Parking lot for cars parked facing East 8th Street;

6.       Restripe accessible parking stalls adjacent to the tennis courts to comply with ADAAG and Title 24;

7.       Raise the drain and/or repair paving around drain to correct excessive slope. This drain is located in interior roadway in the path of travel between the entrance to the swimming pool and the women's locker room;

8.       Adopt a policy that when a wheelchair user is registered for a class to be held in classroom 189A, Building G, the class will be relocated to an accessible classroom.  DSPS is to be notified and is responsible for managing the class relocation;

9.       Make the corrections to the back stage of the theater per the attached plans by the completion of the BRIP. (See Exhibit D)



SETTLEMENT AGREEMENT AND ORDER                    10                    C08-03133 RS (JL)

EXHIBIT C

ADDITIONAL PROJECTS AT
LANEY COLLEGE IMPACTING DISABLED ACCESS

| Project | Project Number | Date of Completion/Anticipated Date of Completion |
|---|---|---|
| Signage Project (District wide) | 2334 | Phase I completed August 2, 2010 |
| Restroom Project | 2314 | Completed July 8, 2008 |
| Tower Project | 2314 | Anticipated completion April 11, 2011 |
| Student Center | 2944 | Anticipated completion June 1, 2011 |
| Beginner's Inn/Culinary Kitchen | 2322 | Completed May 1. 2009 |
| DSPS | 2314 | Completed December 31, 2009 |
| Athletic Complex | 2338 | Anticipated completion April 1, 2011 |
| Financial Aide | 2314 | Completed December 31, 2009 |
| Buildings F and G (lab spaces) | 2314 | Completed December 31, 2009 |
| Laney Tunnel Lighting | 2314 | Completed March 31, 2009 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT D

BACK STAGE THEATER CORRECTIONS

